Matter of the Estate of ANNIE M. MILLS, Deceased.

(Surrogate's Court, New York County, June, 1919.)

Wills — provisions of — construction of — executors and administrators — accounting — trusts.

> Where a testatrix directs that two-fifths of the income from a certain trust fund be paid to her son " or in case he is dead at the time of my death, to his children living at the time of my death until the sums so paid to him and them collectively shall amount to $50,000 " and in a subsequent clause of her will provides that if her son should survive her but die leaving children who were born during her life time his share of the

income should upon his death be paid to such children, and the testatrix's son survives her but has no children born in her life time, his right to the two-fifths share of the income becomes absolute and he can bequeath it by will.

So where the son died two years after his mother leaving no children born in her life time, and by his will disposed of his interest in her estate, his executor is entitled to receive from the mother's executor all of the two-fifths of the income from the trust fund accrued since the son's death and so much of that which had accrued prior to his death as had not been paid to him in his life time.

PROCEEDING upon the judicial settlement of the account of an executor.

Eliot Norton, for executor.

Hunt, Hill & Betts, for S. Frederic Mills.

FOWLER, S.  Upon the hearing before me of objections to the account of the executor, a question was raised by one of the parties interested as to the proper construction of paragraph 4 of the will of the testatrix.  In that paragraph the testatrix directs that two-fifths of the income from a certain trust fund be paid to her son Philip, " or in case he is dead at the time of my death, to his children living at the time of my death, until the sums so paid to him and them collectively shall amount to $50,000."  In paragraph 3 of the will the testatrix provided that if her son Philip survived her, but died leaving children who were born during her lifetime, the share of the income given to Philip should upon his death be paid to such children. The testatrix died on May 13, 1916, and her son Philip died on July 25, 1918. He left a will by which he disposed of his interest in the estate of the testatrix.

The bequest of two-fifths of the income to Philip until the entire amount paid to him or to his children who were born in the lifetime of the testatrix amounted

38

to $50,000 was limited only upon the contingency that he survive the testatrix. As he survived her and he had no children born in her lifetime, his right to the income became absolute and could be bequeathed by will. No question of the violation of the statute in relation to the suspension of the absolute ownership of personal property arises, as the trust from which the income bequeathed by the testatrix is derived was created under the will of another person and must terminate in accordance with the provisions of the will which created it.

The testatrix further provided that if her son Philip had not received $50,000 in income at the time the trust property from which the income was derived was sold, he was to receive so much of the corpus of the trust fund as, with the amount of income received, would equal $50,000. Whether the trust may or may not continue until the income paid to Philip and his legatees shall amount to $50,000, or whether the value of the corpus of the trust fund may be sufficient to enable the trustee to make such payments when the time for distribution arrives, are questions that are not now before this court.

The decree to be submitted on the accounting should provide that the accounting executor and trustee shall pay to the executor of the estate of Philip O. Mills the two-fifths of the income from the trust fund that has accrued since the death of Philip or that was accumulated and not paid at the time of his death.

As the proposed decree submitted by the executor seems to be substantially correct, it should be completed by inserting a provision construing the will of the testatrix in accordance with this decision and settled on notice.

Decreed accordingly.